IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL G. GIPSON          *
                           *
                           *
     v.                    *     Civil No. – JFM-14-1588
                           *
WAWA, INC.                 *
                        ******

**MEMORANDUM**

Plaintiff has brought this action under the Maryland Fair Employment Practice Act alleging that defendant discriminated against him because of his disability (obesity) and gender. The case was initially instituted in the Circuit Court of Maryland for Baltimore County, and was removed to this court based upon the diversity of the citizenship of the parties. Discovery has been completed. Defendant has filed a motion for summary judgment. The motion will be granted.

Defendant asserts that the employment of plaintiff was terminated not because of his obesity or gender but because he had engaged in inappropriate conduct toward female associates in the work place. In March 2010, prior to the conduct giving rise to this case, an employee of defendant had complained that plaintiff, who was the manager of the store where she worked, had made inappropriate comments to her. Specifically, the complainant alleged that plaintiff had said (when discussing a pay raise), "if you come to my house more often you'll get a raise." This allegation was confirmed by another employee who stated that she had heard plaintiff say "come to my house" to various employees. While asserting that he had made the comment in jest, plaintiff agreed that the comment could be understood by the recipient as sexual in nature. He was given a final written warning for violating defendant's Sexual Harassment Policy.

1

In September 2011, plaintiff was assigned as the general manager at a new location in Reisterstown, Maryland. In Decmeber 2012, three female associates at the store contacted defendant's Associate Relations Department complaining about plaintiff's behavior. Specifically, it was alleged that plaintiff had commented on the breasts of one female associate and had said on an occasion where his hands had bumped into the buttocks of another female associate that his hand "bounced right off because her butt was so firm." After the complaints had been lodged, plaintiff sent an email to his supervisor, Renee Lust, who was the area manager for the store of which plaintiff was the general manager. In the email plaintiff advised Ms. Lust that he was seeking help through defendant's employee assistance program for his "weight and over indulgence."

Defendant investigated the allegations made against plaintiff. Some female employees stated during the course of the investigation that defendant had never made any inappropriate comments to them. Some of the complainants expressed remorse that plaintiff might lose his job because of what he had said but confirmed what they had alleged in their complaint. Plaintiffs admitted making the comments he was said to have made. After the investigation was completed, plaintiff's employment was terminated. There is no evidence that the person who recommended termination of plaintiff's employment was aware that plaintiff had advised Ms. Lust that he was seeking help for his obesity and over indulgence.

Maryland law has adopted the familiar *McDonnell Douglas* protocol. On the existing record there is no doubt that assuming that plaintiff has made out a *prima facie* case (a proposition that is dubious in light of the fact that plaintiff has not established that anyone in a

similar position was not fired[1]), defendant had a legitimate non-discriminatory reason for terminating plaintiff's employment.  During the course of the investigation of misconduct giving rise to this law suit, plaintiff admitted to making the remarks that were the subject of the complaints made against him.  There certainly are sympathetic factors weighing in favor of plaintiff.  After he received a final written warning for the conduct that he engaged in 2010, he was appointed as the manager of a new store.  This reflects favorably upon plaintiff's level of competence.  This is confirmed by the evaluations he received.  Moreover, there is no doubt that some female employees working in the store of which plaintiff was manager did not believe that he engaged in inappropriate behavior.  That said, plaintiff has not proved that defendant's stated reason for his termination was pretextual.  It takes little or no imagination to hypothesize the position in which defendant would have found itself if, given what had occurred, plaintiff and defendant had been accused of sexual misconduct by a female employee.  At the least, defendant would have found itself in a very vulnerable position.

Fourth Circuit law is clear that courts do not "sit as a kind of super-personnel department weighing the prudence of employment decisions made by firms charged with discrimination or "second-guess the soundness of . . . managerial decisions."  In this case where there was clear evidence that plaintiff had made inappropriate comments to female employees, it is clear that defendant acted well within its rights in terminating his employment.  Assuming that *Lois v. Sun Edison*, 797 F. Supp. 2d 691 (D. Md. 2011), upon which plaintiff relies, was correctly decided, it is clearly distinguishable because there the court held that an internal investigation conducted by defendant was not conclusive in the context where defendant found that plaintiff had failed to

---

[1] Plaintiff alleges that two other persons were not fired despite the fact that they had engaged in similar misconduct as plaintiff.  However, the record establishes that these other persons, like plaintiff, received a final written warning for their conduct, and there is no evidence that they thereafter engaged in misconduct.

establish that her client's sexual harassment against her superior was not fabricated. Where, as here, defendant made a decision that was in accord with anti-discrimination policy, its decision must be respected.

A separate order granting defendant's motion for summary judgment and entering judgment on its behalf is being entered herewith.


Date:   July 31, 2014                              /s/                                    
                                                J. Frederick Motz
                                                United States District Judge